[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11904

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GALLOWAY RICH, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:12-cr-00036-RV-1

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Galloway Rich III, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Rich identified "nothing that constitutes an 'extraordinary and compelling' reason for compassionate release," U.S.S.G. § 1B1.13, and, in the alternative, that there were "no [statutory sentencing] factors that warrant a reduction or release now," 18 U.S.C. § 3553(a). We affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for

"extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). So the district court may deny a motion to reduce because no "extraordinary and compelling reasons" exist or because relief is inappropriate based on the statutory sentencing factors. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address Rich's argument that the statutory sentencing factors weighed in favor of early release because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify his early release. Rich argued that he risked contracting COVID-19 in prison based on his body mass index of 30.7 and his hypertension. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The district court found that Rich's medical conditions did not qualify as extraordinary and compelling enough to warrant early release. *See Harris*, 989 F.3d at 912. The district court also found that "the risks [Rich faced] from COVID-19 are now quite low while he is incarcerated" due to measures undertaken by the prison system to prevent transmission. And the district court correctly reasoned that a reduction of Rich's sentence had to comport with the definition of "extraordinary and compelling reasons" in section 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252–62 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

We **AFFIRM** the denial of Rich's motion for compassionate release.